C. H. HELLER, *Appellant*, v. V. ZAMBETTI AND D. ESPOSITO, PARTNERS AS ART AND ORNAMENTAL STONE COMPANY, *Appellees*.

Division A.

Opinion Filed November 21, 1927.

*Martin H. Long*, for Appellant;

*Baker, Baker & Rutherford*, for Appellees.

ELLIS, C. J.—The appellees exhibited their bill against C. H. Heller in the Circuit Court for Duval County to enforce a lien for labor and material furnished in the construction of a house for appellant in East Jacksonville.

The issue between the parties, as presented by the pleadings, was whether two notes, which were executed and delivered by the appellant to the appellees for seven hundred and ninety-five dollars each, were given in acknowledgment by the appellant of the balance due the appellees on the contract for the construction of the house in the settlement of all differences between them, or whether the appellants were to perform other work, make certain changes and alterations and finish certain construction work claimed by the appellant to have been left unfinished by appellees when the notes were given.

The appellees claim that when the notes were executed the balance due upon the contract and for certain extra work amounted to about $1,875.00 and that the parties agreed upon a balance of $1,590.00 in settlement for which the notes were executed. The appellant claims that he owed nothing for extra work and material beyond some inconsiderable sum and that he executed the notes on the promise of the appellees to complete the construction work, which he says was unfinished, and make certain alterations in the building which the appellees had failed to do.

A master was appointed to take the testimony offered by the parties and report it with his findings to the court. This was done, and the chancellor by his decree confirmed the master's findings of fact which were for the complainants, appellees here, and decreed the relief sought,

finding the amount due to be $1,590.00 and interest at 8% from May 24, 1922.

From this decree an appeal was taken. According to the view we have of the case much unnecessary evidence was taken to establish a situation that was admitted by both parties, namely: That there was a contract to build a house at a certain price; that the parties agreed upon a sum due as the balance and evidences of that indebtedness given and received in the form of promissory notes; the difference between the parties being that one said they were given in settlement and the other said they were given on condition that other things were to be done before the contractors should have a right to demand payment according to their terms.

The evidence upon that point was conflicting, preponderating—as we read the record—heavily in favor of the complainant.

We do not agree with counsel for the appellant that the complainants based their suit upon one cause of action and obtained a decree upon a different one. The cause of action rested upon the right to enforce a statutory lien for labor and material in the construction of a building for the defendants; the complainants alleging that the amount due therefor had been agreed upon by the parties and set forth in written documents in the form of promissory notes.

There is no error in the decree, so it is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.